Peter Calamari
Jake M. Shields
Robert K. Dakis
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010-1601
(212) 849-7000

*Attorneys for Bayerische Hypo-und
Vereinsbank AG*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

The International Banking Corporation B.S.C.,

       Debtor in a Foreign Proceeding.

Chapter 15

09-17318 (SMB)

## RESPONSE OF BAYERISCHE HYPO- UND VEREINSBANK AG TO DEUTSCHE BANK'S OPPOSITION TO PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING

Bayerische Hypo- und Vereinsbank AG ("HVB"),[1] by its undersigned attorneys, submits this response, along with the Declaration of Jake M. Shields, sworn January 11, 2010 ("Shields Decl."), to the opposition filed by Deutsche Bank AG ("Deutsche Bank"), dated January 6, 2010 (the "Deutsche Bank Opposition"), to the verified petition of the Administrator of The International Banking Corporation, B.S.C. ("TIBC") under Chapter 15 of the Bankruptcy Code for recognition of TIBC's administration proceedings in Bahrain, and respectfully states as follows:

---

[1]  Bayerische Hypo- und Vereinsbank AG is a banking institution based in Germany. On December 15, 2009, HVB began doing business as Unicredit Bank AG.

1.      The Deutsche Bank Opposition requests that the Court leave in place an order of attachment that Deutsche Bank obtained in New York state court against over $29 million in assets that purportedly belong to TIBC. This includes $2,353,828.84 that is being held by the New York branch of HSBC Bank USA, National Association ("HSBC") pursuant to the attachment order.

2.      Deutsche Bank does not inform the Court, however, that on September 4, 2009 HVB filed a complaint (the "HVB Complaint") commencing an action in the Supreme Court for New York County against, among others, Deutsche Bank seeking a determination that no less than $2,353,828.84, and as much as $8,970,707.75, being held pursuant to the Deutsche Bank attachment order and a separate attachment order obtained by Mashreqbank PSC ("Mashreqbank") in a different action, *belong solely to HVB and not TIBC*. The HVB Complaint further seeks, pursuant to Section 6221 of the New York Civil Practice Law Rules ("CPLR"), the turnover of those funds to HVB. Shields Decl. ¶ 3; *see* HVB Complaint (attached as Ex. A. of Shields Decl.).

3.      The HVB Complaint alleges that on May 20, 2009, prior to Deutsche Bank obtaining the order of attachment, HVB inadvertently transferred $8,970,707.75 of its *own cash* to TIBC's account at HSBC's New York branch. The day before, on May 19, 2009, HVB had enforced a lien that it had against TIBC's accounts at HVB to satisfy a debt TIBC owed HVB in that amount.[2] After HVB took possession of and ownership over the funds in TIBC's account at HVB, HVB inadvertently transferred that cash to TIBC's account at HSBC, rather than to an internal HVB account. *See* Shields Decl. ¶ 4; HVB Complaint.

_____

[2]   The enforcement of the lien occurred months before TIBC entered Administration on July 30, 2009.

4.    As the HVB Complaint makes clear, there is no reasonable dispute that the transferred funds belong to HVB and not TIBC.  The former CEO of TIBC has written a letter confirming that TIBC never authorized the transfer of the $8,970,707.75 to TIBC's account at HSBC.  Shields Decl. ¶ 5; *see* July 6, 2009 Letter of Glenn Stewart (attached as Ex. B. of Shields Decl.).  This is consistent with the fact that HVB (albeit inadvertently) was the party that authorized the transfer of its own funds into TIBC's account at HSBC.

5.    According to a stipulation filed by Deutsche Bank and HSBC in the Deutsche Bank action against TIBC, HSBC retained $6,616,878.91 of the $8,970,707.75 that HVB inadvertently transferred to TIBC's HSBC account to satisfy a debt that TIBC owed HSBC, and the remainder, $2,353,828.84, is being held by HSBC pursuant to Deutsche Bank's order of attachment.  Shields Decl. ¶ 6; June 2, 2009 Stipulation between Deutsche Bank and HSBC (attached as Ex. C of Shields Decl.).

6.    Mashreqbank and HVB have entered into a stipulation releasing the funds in dispute from Mashreqbank's order of attachment.  Shields Decl. ¶ 7; *see* Dec. 3, 2009 Stipulation between Mashreqbank and HVB (attached as Ex. D of Shields Decl.).

7.    Deutsche Bank has filed an answer to the HVB Complaint.  Shields Decl. ¶ 8.  Thus, pursuant to the procedures outlined in Section 6221 of the CPLR, the New York state court will resolve any dispute as to the ownership of the funds being held by the Sheriff pursuant to Deutsche Bank's order of attachment.

8.    Accordingly, HVB respectfully requests that this Court leave the New York state court orders of attachments in place and take no action with respect to the attached funds (which HVB contends belong to HVB and are not property of TIBC's estate) until the New York state court has issued a final ruling, which has been subjected to final appellate review, as

to the ownership of the funds that are currently subject to the attachment orders obtained against

TIBC's assets in New York.

DATED:    New York, New York
             January 11, 2010

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By:   s/ Robert Dakis
    Peter Calamari
      petercalamari@quinnemanuel.com
    Jake M. Shields
      jakeshields@quinnemanuel.com
    Robert K. Dakis
      robertdakis@quinnemanuel.com

51 Madison Avenue, 22nd Floor,
New York, New York  10010-1601
(212) 849-7000

*Attorneys for Bayerische Hypo-und Vereinsbank AG*