UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                            :
                                                  :         Chapter 15
THE INTERNATIONAL BANKING                         :
CORPORATION B.S.C.,                               :         Case No. 09-17318 (SMB)
                                                  :
         Debtor in a                              :
         Foreign Proceeding.                      :
                                                  :
-----------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1515, 1517, 1519, 1520 AND 1521
RECOGNIZING FOREIGN MAIN PROCEEDING AND
<u>GRANTING FURTHER RELIEF</u>**

A hearing having been held before the United States Bankruptcy Court of the Southern District of New York on January 13, 2010 (the "Hearing") to consider the Verified Petition and the Official Form Petition (collectively, the "Petition") for recognition of the administration (the "Administration") of The International Banking Corporation B.S.C. ("TIBC") in accordance with the Central Bank of Bahrain and Financial Institutions Law promulgated by Law No. 64 of the Year 2006 (the "BCBL") as a foreign main proceeding pursuant to sections 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §101 *et seq*. (the "Bankruptcy Code"), and the Administration having been commenced by the Central Bank of Bahrain ("CBB") by Resolution No. 39 of the Year 2009 entered on July 30, 2009 ("Resolution No. 39") and Resolution No. 45 of the Year 2009 of the CBB ("Resolution No. 45") naming Trowers & Hamlins (the "Petitioner" or the "Administrator") as the duly appointed external administrator and foreign representative of TIBC; and upon the Court's review and consideration of the Petition, the Declaration of Haya Rashed Al Khalifa signed on December 3, 2009, and the Declaration of Abduallah Mutawi signed on December 12, 2009, together with all exhibits thereto, in support of the Petition, and the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of

the Petition and the hearing thereon having been given by the Petitioner, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefor, the Court makes the following findings of fact and conclusions of law:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

    B.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

    C.    This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

    D.    The Administrator is a "body" pursuant to 11 U.S.C. § 101(41) and is the "foreign representative" of TIBC pursuant to 11 U.S.C. § 101(24).

    E.    This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509, and 1515.

    F.    The Administrator has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

    G.    The Administration is a "foreign proceeding" pursuant to 11 U.S.C. § 101(2).

    H.    The Administration is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

    I.    The Administration is pending in Bahrain, the country where TIBC's center of main interests is located, and accordingly the Administration is a "foreign main proceeding"

pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J. The Administrator is entitled to all the relief provided pursuant to 11 U.S.C. § 1520 without limitation.

~~K.~~ **SMB 1/15/10** ~~The Administrator is further entitled to the relief expressly set forth in 11 U.S.C. § 1521 (a) and (b), except as provided in this Order or by further Order of this Court.~~

L. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1. **ORDERED**, that the Administration is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

2. **ORDERED**, that the Administration is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

3. **ORDERED**, that all persons and entities (other than the Administrator and its expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

(1) executing against TIBC's assets;

(2) taking or continuing any act to obtain possession of, or exercise control over, the Administrator (with respect to TIBC), TIBC or any of its property;

(3) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Administrator (with respect to TIBC), TIBC or any of its property, including, without limitation, enforcing the Attachment Orders (defined below) with respect to any funds that are not included among the Attached Funds (defined below) as of the date of the filing of the Petition;

(4) transferring, relinquishing or disposing of any property of TIBC to any person or entity other than the Administrator;

and it is further

4. **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the Administration; and it is further

5. **ORDERED** that the actions styled *Deutsche Bank AG v. The International Banking Corporation, BSC,* Index No. 601471/2009 (Fried, J.) (Sup. Ct. N.Y. Co.) (the "Deutsche Bank Action") and *Mashreqbank PSC v. The International Banking Corporation, BSC,* Index No. 601616/2009 (Fried, J.) (Sup. Ct. N.Y. Co.) (the "Mashreqbank Action" and with the Deutsche Bank Action, the "Actions") are stayed; and it is further

6. **ORDERED** that the action styled *Bayerische Hypo-und Vereinsbank v. HSBC Bank USA, N.A., et al.*, Index No. 602761/2009 (Fried, J.) (Sup. Ct. N.Y. Co.) is stayed; and it is further

7. **ORDERED** that the pre-judgment restraining Order granted in the Deutsche Bank Action against TIBC on May 13, 2009 and thereafter continued, which restrained, enjoined and prohibited TIBC and non-party HSBC Bank USA, N.A., and all other persons, garnishees, and entities holding property of TIBC, from transferring or paying any assets of TIBC or any personal or real property in which they know or have reason to believe that TIBC has an interest, or pay over or otherwise dispose of any debt they might owe to TIBC, to the extent of $74,232,440 only (the "Restraining Order"), is hereby stayed, and all persons and entities are enjoined from enforcing the Restraining Order; and it is further

8. **ORDERED** that the Administrator or any third person acting pursuant to the Administrator's instructions or agreement may transfer funds or property belonging to TIBC into

or out of the United States in accordance with their respective obligations to TIBC or under the Administration, notwithstanding the Restraining Order; and it is further

9. **ORDERED** that, notwithstanding anything to the contrary herein, pending further order of this Court, the Sheriff of the City of New York (the "Sheriff") shall continue to hold the $26,918,494.59 and any further sums that he currently holds as a result of the orders of attachment previously granted in the Actions (the "Attachment Orders"); and it is further

10. **ORDERED** that, notwithstanding anything to the contrary herein, pending further order of this Court, HSBC Bank ("HSBC") shall continue to hold the $2,353,828.84 and any further sums that it currently holds as a result of the Attachment Orders; and it is further

11. **ORDERED**, that the Petitioner is authorized to operate the business of TIBC that is the subject of Administration and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520; and it is further

12. **ORDERED**, that Petitioner is hereby authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations or liabilities of TIBC, as such information is required in the Administration under the law of the United States; and it is further

13. **ORDERED**, that subject to the provisions of this Order with respect to the funds held by the Sheriff and HSBC pursuant to the Attachment Orders (the "Attached Funds"), the administration or realization of all or part of the assets of TIBC within the territorial jurisdiction of the United States is hereby entrusted to the Petitioner and the Petitioner is hereby established as the exclusive representative of TIBC in the United States; and it is further

14. **ORDERED**, that all parties in interest retain the right to seek further relief from this Court concerning the Attached Funds;

15. **ORDERED**, that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

16. **ORDERED**, that a copy of this Order shall be served by United States mail, first class postage prepaid or any appropriate equivalent where service is taking place outside the United States, via international courier service, by electronic mail or by hand delivery, where practicable, upon all of TIBC's known creditors and investors and other parties in interest in this chapter 15 case, wherever located; and it is further

17. **ORDERED**, that such service shall be good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      January 15, 2010

                                              /s/   STUART M. BERNSTEIN
                                            Hon. Stuart M. Bernstein
                                            Chief United States Bankruptcy Judge
                                            Southern District of New York

**Issued: 10:28 a.m.**

# 8805402_v4