UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :
                                                :   Chapter 15
THE INTERNATIONAL BANKING                       :
CORPORATION B.S.C.,                             :   Case No. 09-17318 (SMB)
                                                :
        Debtor in a                             :
        Foreign Proceeding.                     :
                                                :
------------------------------------------------------------x

# ORDER PURSUANT TO BANKRUPTCY
# RULE 2004 AUTHORIZING DISCOVERY

Upon the motion dated June 2, 2010 (the "Motion") of Trowers & Hamlins, external administrator and foreign representative (the "Administrator") of foreign debtor, the International Banking Corporation, B.S.C. ("TIBC"), seeking certain discovery from Bank of America N.A. pursuant to Fed. R. Bankr. P. 2004; and the upon the accompanying Declaration of Abdullah Mutawi executed on June 2, 2010; and the Court having jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given to all parties required to receive such notice and no other or further notice being required; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested, including that the production of documents by and examination of Bank of America, N.A. relates to the property or liabilities and financial condition of TIBC and may affect the administration of

TIBC; and all objections to the relief requested in the Motion having been withdrawn or overruled; and upon the record of the proceedings before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

~~ORDERED that the Motion is granted in its entirety, and it is further~~ **SMB 6/22/10**

ORDERED that Bank of America, N.A. is directed to produce for inspection and copying all documents responsive to the requests listed on Exhibit A to this Order to the Administrator's United States counsel, Holland & Knight LLP, 31 W. 52nd Street, New York, New York 10019, not later than 15 days after entry of this Order; and it is further

ORDERED that Bank of America, N.A. shall designate an individual or individuals with knowledge of the matters and documents described on Exhibit A, and produce such individual(s) for examination by the Administrator under oath and in accordance with Fed. R. Bankr. P. 2004 on such date and at such time and location as may be designated in writing by the Administrator on not less than 14 days notice; and it is further

ORDERED that the Administrator may issue discovery requests and subpoenas as may be necessary to accomplish the discovery authorized by this Order; and it is further

ORDERED that the Administrator's right to request additional documents and depositions under Fed. R. Bankr. 2004 based on information that may be revealed as a result of the documents and/or testimony produced pursuant to this Order is reserved; and it is further

**SMB 6/22/10 ORDERED that the Administrator shall make available to Ahmad Hamad Algosaibi & Brothers Co., the Money Exchange Commission & Investment, at the latter's expense, copies of any documents produced by Bank of America, N.A.; and it is further**

2

ORDERED that this Court retains jurisdiction to resolve all matters arising out of or related to this Order.

Dated: New York, New York
      June 22, 2010

                                  **/s/ STUART M. BERNSTEIN**
                                      Hon. Stuart M. Bernstein
                                      United States Bankruptcy Judge

# SCHEDULE "A"
# DOCUMENTS TO BE PRODUCED AND SCOPE OF EXAMINATION

## DEFINITIONS AND INSTRUCTIONS

For purposes of this request, the following definitions and instructions shall apply:

A. Pursuant to Local Bankruptcy Rule 7026-1, the Administrator incorporates by reference the Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Civil Rules for the Southern District of New York.

B. The document requests that follow cover all documents in your possession, custody or control, whether they are located in your offices or any other place maintained by you, or in the possession of your agents or attorneys.

C. These document requests are continuing during the pendency of this case and you must supplement or amend your responses in accordance with Fed. R. Civ. P. 26 and Fed. R. Bankr. P. 7026.

D. If you claim that any document requested is privileged or constitutes attorney-client work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

    (a) identifies the person who prepared or authored the documents and all recipients or addressees, including recipients of copies;

    (b) specifies the date on which the document was prepared or transmitted;

    (c) describes the nature of the document (*e.g.*, letter, memorandum notice, *etc.*)

    (d) identifies the subject matter of the document;

    (e) if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and

(f) sets forth the nature of and basis for the privilege asserted.

E. If any document responsive to this request was, but is no longer within your care, custody or control, state what disposition was made of it, the reason for such disposition, and the date upon which it was so disposed.

F. As used herein, all plural terms shall include the singular and all singular terms shall include the plural.

G. "And" shall mean and/or and "Or" shall mean and/or.

H. "Communication" shall mean any contacts, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was obtained, transmitted, or transferred, regardless of the method or means of transmittal or transference.

I. "Person" shall refer to any natural person or any business, legal or governmental entity or association.

J. Unless otherwise indicated, the time period for the documents requested herein is from the time that the Account (as defined below) was opened until the present.

K. The term "Account" means that certain account at Bank of America, N.A. (the "Bank") in the name of Ahmad Hamad Algosaibi & Brothers Company, the Money Exchange Commission & Investment, numbered 65507-84587, ABA 959 Chips UID 246155, Reference "TIBC Agency Account."

L. The "Know Your Customer" program means the Bank's Anti-Money Laundering and Anti-Terrorism Financing Policy Statement and its Know Your Customer practices as mandated by The Bank Secrecy Act of 1970, and its implementing regulation 31 CFR 103, as amended by the U.S. Patriot Act of 2001, Public Law 107-56, Section 326 (codified as amended at 31 U.S.C. § 5318(h)).

## Requested Documents

1. All documents concerning bank or account statements for the Account.

2. All documents concerning the opening of the Account and, if the Account currently is closed, all documents concerning the closing of the Account.

3. All documents concerning the transfer of funds to or from the Account including, but not limited to:

    a. The origin of all transfers into the Account; and,

    b. The recipients of all transfers from the Account.

4. All documents concerning authority to control the Account, including but not limited to any signature cards or similar items identifying persons with authority as to the Account.

5. All documents concerning agreements relating to the Account.

6. All documents concerning communications including, but not limited to, e-mails, telefaxes, telexes, Swift notes and letters relating or pertaining to Account or any transfers of funds to or from the Account.

7. All documents concerning the "Know Your Customer" program pertaining to the Account.

## Topics for Examination

1. Identification and authentication of the documents produced pursuant to these requests.

2. Transactions involving the Account.

# 9493766_v2